UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIE WEISS,
                Plaintiff

                                     COMPLAINT

          v.
                                     -CIV-

TIM FLYNN, dba The Baird Road Pub and
J.J. Flynn's, and THE BAIRD ROAD PUB.
                Defendants

      Plaintiff, by his attorneys, Shapiro, Rosenbaum, Liebschutz & Nelson, LLP, alleges follows:

## JURISDICTION

      Jurisdiction over this claim is conferred by the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., and by the Fair Labor Standards Act, 29 U.S.C. 201 et seq. A charge against the defendant for sex harassment of the plaintiff was filed with the Equal Employment Opportunity Commission ("EEOC") on or about December 12, 2003. A Notice of Right to Sue was issued by the EEOC on August 9, 2004. Pendent jurisdiction exists for a claim for sexual harassment under New York State law which arises out of the identical facts and circumstances as the claim pursuant to the Civil Rights Act of 1964. At plaintiff's request, the New York State Division of Human Rights dismissed the complaint for administrative convenience. Pendent jurisdiction also exists for the claim for failure to pay wages under the New York Labor Law, § 191 et seq.

PDF created with pdfFactory trial version www.softwarelabs.com

## VENUE

Venue pursuant to 28 U.S.C. §1391 in the Western District of New York is appropriate in that the events giving rise to the action occurred in the Western District of New York.

**First Cause of Action**

1. Plaintiff is a resident of the County of Monroe, State of New York.

2. Defendant Tim Flynn is a resident of the County of Monroe, State of New York.

3. Defendant Tim Flynn at all times relevant in this action was the chief executive officer and 50% owner of the Baird Road Pub.

4. Defendant Tim Flynn at all times relevant in this action was the chief executive officer and sole owner of J.J. Flynn's.

5. Defendant Tim Flynn at all times herein was an employer subject to Title VII of the Civil Rights Act of 1991.

6. Defendant Baird Road Pub at all times herein was an employer subject to Title VII of the Civil Right Act of 1991.

7. During the period April, 2003, to September 19, 2003, plaintiff was an employee of the Tim Flynn and the Baird Road Pub, performing work for both the Baird Road Pub and J. J. Flynn's.

8. During the period of plaintiff's employment, defendant Tim Flynn, at both the Baird Road Pub and J. J. Flynn's, subjected the female employees to a pattern and practice of frequent

PDF created with pdfFactory trial version www.softwarelabs.com

and pervasive sexual harassment including unwelcome sexual comments and unwelcome touching and grabbing.

9. Defendant Tim Flynn's verbal harassment included but was not limited to comments about employees breasts and their bodies, references to his sexual prowess and to the female employee's sexual prowess, comments about the females giving him oral sex, or invitations to have sex with him or with customers.

10. Defendant Tim Flynn's physical harassment included without limitation grabbing or slapping the buttocks of females.

11. While plaintiff was working, defendant Tim Flynn specifically made comments about her breasts, asked her to perform sexual acts, and referred to her in derogatory sexual terms.

12. Defendant Tim Flynn in comments to other employees referred to plaintiff in derogatory sexual terms, such as calling her a slut and a whore.

13. The actions of defendant Tim Flynn were intentional.

14. The actions of defendant Tim Flynn constitute sexual harassment pursuant to Title VII of the Civil Rights Act of 1964.

15. As a result of defendants' actions, plaintiff has suffered severe emotional stress and humiliation.

**Second Cause of Action**

16. Defendants Tim Flynn and the Baird Road Pub at all relevant times herein were employers within the meaning of the New York State Executive Law, § 292.

PDF created with pdfFactory trial version www.softwarelabs.com

17. Plaintiff filed a complaint of sexual harassment with the New York State Division of Human Rights on or about December 18, 2003.

18. After investigation, the New York State Division of Human Rights issued a determination that there was probable cause to believe that Tim Flynn and the Baird Road Pub were engaged in sexual harassment.

19  The actions of defendants above constitute sexual harassment in violation of the New York Executive Law, § 297.

**Third Cause of Action**

20   Defendant Tim Flynn at all times herein was an employer subject to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")

21. Plaintiff worked for defendant Tim Flynn, the Baird Road Pub and J.J. Flynn's for approximately five months, from April, 2003 to September 19, 2003.

22. During that period, plaintiff worked for the Baird Road Pub four days per week.

23. During that period plaintiff worked at J.J. Flynn's approximately 15 hours per week.

24. Plaintiff worked a total of approximately 1300 hours for the two enterprises.

25. The applicable minimum wage pursuant to the FLSA is $5.15 per hour.

26. Plaintiff was only paid for 1100 hours during that period, and at a rate of $3.30 per hour.

27. Defendants intentionally failed to pay plaintiff for all of her hours worked, and failed to pay the required minimum wage.

28. Defendants' actions constitute a failure to pay minimum wages in accord with the

PDF created with pdfFactory trial version www.softwarelabs.com

FLSA.

29. As a result of defendants' actions, plaintiff suffered lost pay in the amount of $3,200.

### Fourth Cause of Action

30. Plaintiff repeats the allegations of paragraphs 1 through 29.

31. Defendants' actions constitute a violation of New York Labor Law, § § 201 et seq.,

WHEREFORE, plaintiff demands judgment (1) in the first and second cause of action, against the defendants jointly and severally in the amount of $50,000 for emotional stress and humiliation, $50,000 for punitive damages, plus reasonable attorney fees, together with the costs and disbursements of this action, and an order that defendants post and implement reasonable and appropriate guidelines prohibiting sexual harassment; and (2) in the third cause of action, judgment against Tim Flynn in the amount of $3,200, plus liquidated damages in an equal amount, and judgment against the Baird Road Pub in the amount of $1,600, plus liquidated damages in an equal amount, together with the reasonable attorneys fees;(3) in the fourth cause of action, judgment against Tim Flynn in the amount of $3,200, plus liquidated damages equal to 25% of the lost wages, and judgment against the Baird Road Pub in the amount of $1,600, plus liquidated damages equal to 25% of the lost wages, together with reasonable attorneys fees, along with such other and further relief as the Court deems just and proper.

PDF created with pdfFactory trial version www.softwarelabs.com

**PLAINTIFF DEMANDS A JURY TRIAL OF THE ACTIONS HEREIN.**

November 8, 2004             s/Peter C. Nelson

SHAPIRO, ROSENBAUM, LIEBSCHUTZ & NELSON, LLP
Peter C. Nelson, Esq.
Attorneys for Plaintiff(s)
1100 Crossroads Building
Two State Street
Rochester, New York 14614
Tel: (585) 232-2282

PDF created with pdfFactory trial version www.softwarelabs.com